KDS

03-30-06P04:17 RCVD

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

March 22, 2006

Office of the Clerk
U.S. District Court
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

Case Name: US v Joseph Nixon
Case Number: 3-05-70131 BZ
Charges: 18:3583 Supervised Release Violation

Dear Clerk:

The above charges originated in your district and the defendant has appeared before U.S. Magistrate Judge Bernard Zimmerman. The following action has been taken:

(X) The U.S. Marshal has been ordered to remove this defendant to your district forthwith.
() The defendant has a court appearance in your court on:

Enclosed are the following documents:

original Rule 5 affidavit
original minute orders
certified copy of *AO 94, Commitment to Another District*

Please acknowledge receipt of the documents on the attached copy of this letter and return in the envelope provided.

Sincerely yours,

RICHARD WIEKING, Clerk

by: Ruby Woo
Case Systems Administrator

Enclosures
cc: Financial Office

---

**Receipt of the above-described documents is acknowledged herewith and assigned case number:**

______________________________.

**Date:** ______________________________

**CLERK, U.S. DISTRICT COURT**

**By** ______________________
**Deputy Clerk**

KEVIN V. RYAN (CASBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

450 Golden Gate Ave (11th Floor)
San Francisco, CA 94102
Telephone: (415) 436-7200

Attorneys for the United States

FILED
MAR 10 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSEPH NIXON<br>Defendant. | CRIMINAL NO. 3 06 70131 BZ<br><br>NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on or about March 9, 2006, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon a supervised release violation pending in the District of Rhode Island, Case Number CR-01-113-01T.

In that case, the defendant is charged with violation of Title 18, United States Code, Section 3583. As set forward in the warrant for arrest and petition for that warrant (copy attached) the probation officer in the case believes that the defendant has violated several conditions of her supervision. Specifically, in June 2005 the defendant repeatedly failed to

//

//

//

comply with the instructions of his probation officer or participate as directed in a program of mental health treatment.

DATED: March 10, 2006

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

JOSEPH A. FAZIOLI
Assistant United States Attorney

# 05060-070

606136

AO 442 (Rev. 5/93) Warrant for Arrest

RECEIVED
AUG 15 2005
U.S. MARSHALS SERVICE
DISTRICT OF R.I.

# United States District Court

## *District of Rhode Island*

UNITED STATES OF AMERICA

v.

Joseph Nixon

**WARRANT FOR ARREST**

CASE NUMBER: CR01-113-01T

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Joseph Nixon
Name

and bring him or her forthwith to the nearest Magistrate Judge to answer a(n)

☐ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☒ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)

Violation of Conditions of Supervised Release

in violation of Title 18 United States Code, Section(s) 3583(d)

Ryan H. Jackson
Name of Issuing Officer

Deputy Clerk
Title of Issuing Officer

[signature]
Signature of Issuing Officer

August 15, 2005
Date and Location

Bail fixed at $ ______ by ______
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| at | 11:3p | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

This form was electronically produced by John Eichells and Richard Jonas using Omniform Internet Publisher

PROB12C
(12/02)

# United States District Court
for
The District of Rhode Island

## Petition for Warrant for Offender Under Supervision

**Name of Offender:** Joseph Nixon **Case Number:** 1:01-CR-113-01T

**Date of Birth:** 10/22/1977 **Current Address:** 100 Glasgow Street, #214, Providence RI

**Name of Sentencing Judicial Officer:** Honorable Ernest C. Torres

**Date of Original Sentence:** 11/15/2002

**Original Offense:** Mailing Threatening Communications Involving the Use of Explosives in violation of Title 18, U.S.C. Section 844(e), a Class C Felony.

**Original Sentence:** Thirty-three months imprisonment, three years supervised release with special conditions for substance abuse and mental health treatment, take all prescribed medications, and a no contact order with all Jewish Synagogues in the State of Rhode Island.

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** 8/1/2003

**Assistant U.S. Attorney:** Andrew Reich **Defense Attorney:** Edward C. Roy

**DEFENDANT HAS PREVIOUS VIOLATION OFFENSE(S)**

**Date of Violation Sentence:** 5/28/2004

**Violation Offense(s):** Violation 1: Failure to submit monthly supervision reports within the first five days of the month; Violation 2: Failure to participate in a mental health treatment program as directed by U.S. Probation; Violation 3: Possession of a Dangerous Weapon; and Violation 4: Leaving the District without the Permission of the U.S. Probation Office.

**Violation Sentence:** Twelve months imprisonment, 24 months supervised release with special conditions for substance abuse and mental health treatment, drug testing, no contact orders with Cynthia Sprague or her family or any Jewish Synagogues in the State of Rhode Island

**Date Supervision Recommenced:** 1/28/2005

---

**PETITIONING THE COURT**

☒ To issue a **Warrant**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Condition Violated | Nature of Noncompliance |
|---|---|
| Condition # 3 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** On June 16, 2005, the defendant was instructed to report to Community Counseling Center in Pawtucket for mental health treatment and comply with all treatment instructions. On June 28, 2005, the defendant was scheduled for a counseling appointment and failed to appear. Subsequently, on June 30, 2005, the defendant was scheduled for a psychiatric evaluation and failed to appear. The defendant did not call to reschedule the appointments and was not excused by the probation officer. |
| Special Condition | **"The defendant shall participate as directed in a program of mental health treatment approved by the Probation Office."** On June 28, 2005, the defendant failed to report for a mental health treatment appointment at the Community Counseling Center in Pawtucket, Rhode Island. Subsequently, on June 30, 2005, the defendant failed to report for a psychiatric evaluation at the Community Counseling Center. |

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the Court issue a Warrant so that the defendant can appear and answer to the alleged violations.

Reviewed and Approved by:

Kurt E. O'Sullivan
Supervising U.S. Probation Officer

Date: 7/6/05

I declare under the penalty of perjury that the foregoing is true and correct:

Brian Pletcher
Senior U.S. Probation Officer

Date: 7/6/05

## The Court Orders

- ☐ No Action
- ☐ The Issuance of a Warrant
- ☑ The Issuance of a Summons
- ☐ Other

Honorable Ernest C. Torres
Chief U.S. District Judge

7/12/05
Date

# United States District Court
for
## The District of Rhode Island

July 6, 2005

| | | | |
|---|---|---|---|
| **Offender:** | Joseph Nixon | **Case No.:** | 1:01-CR-113-01T |
| **Sentence Date:** | 11/15/2002 | **Expiration Date:** | 1/27/2007 |
| **Sentencing Judge:** | Honorable Ernest C. Torres | | |
| **AUSA:** | Andrew Reich | **Defense Counsel:** | Edward C. Roy |

## SUPERVISED RELEASE VIOLATION REPORT

1. Should the Court find that the defendant has committed the alleged violations, this report is submitted to provide the Court with information it will need to render an appropriate disposition.

**Part A. Original Offense**

2. On November 15, 2002, the defendant appeared before the Honorable Ernest C. Torres after pleading guilty to one count of Mailing Threatening Communications Involving the Use of Explosives. The defendant was sentenced to thirty-three months imprisonment with three years supervised release to follow. As special conditions of release, the defendant was ordered to participate in an in-patient or out-patient mental health treatment program and a substance abuse counseling program, take all prescribed medications, and not have any contact with the victims or go on the premises of any Jewish Synagogue in the State of Rhode Island. A special assessment of $100 was imposed and remains outstanding.

3. On May 28, 2004, the defendant appeared before the Honorable Ernest C. Torres after admitting to four violations of supervised release. The defendant was sentenced to twelve months imprisonment with twenty-four months of supervised release to follow. As special conditions of release, the defendant was ordered to complete an in or outpatient substance abuse treatment program, submit up to 72 drug tests per year, participate in and complete a mental health treatment program as approved by the probation office, refrain from any contact with Cynthia Sprague or her family, and have no contact with any Jewish Synagogue.

4. Supervised release commenced on 1/28/2005 with an expiration date of 1/27/2007.

**Part B. Nature of Non-compliance**

5. **Condition # 3** **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

On June 16, 2005, the defendant was instructed to report to Community Counseling Center on June 20, 2005, for mental health treatment and to comply with all treatment instructions. On June 28, 2005, the defendant was scheduled for a counseling appointment and failed to appear. Subsequently, on June 30. 2005, the defendant was scheduled for a psychiatric evaluation and failed to appear. The defendant did not call to reschedule the appointments and was not excused by the probation officer.

As to this violation, following denial of treatment by the Providence Center, the defendant requested treatment through our contractors at the Community Counseling Center in Pawtucket, Rhode Island. The request was approved and the defendant was instructed to report for an intake appointment on June 20, 2005, with counselor Robert Marshall. In addition, the defendant was scheduled for a follow-up appointment on June 28, 2005, and a psychiatric evaluation on June 30, 2005. On June 28, 2005, Mr. Marshall called Officer Brian Pletcher and advised that the defendant failed to appear for his follow-up appointment. Subsequently, on June 30, 2005, Mr. Marshall advised Officer Kathleen Hopkins that the defendant failed to report for his psychiatric evaluation.

6. **Special Condition** **"The defendant shall participate as directed in a program of mental health treatment approved by the Probation Office."**

On June 28, 2005, the defendant failed to report for a mental health treatment appointment at the Community Counseling Center in Pawtucket, Rhode Island. Subsequently, on June 30, 2005, the defendant failed to report for a psychiatric evaluation at the Community Counseling Center.

As to this violation, the defendant requested treatment through our mental health contract agency following refusal of treatment at the Providence Center. As requested, the defendant was scheduled for an intake appointment with Robert Marshall on June 20, 2005. Due to numerous issues which arose during the initial appointment, the defendant was scheduled for a follow-up appointment on June 28, 2005, and a psychiatric evaluation on June 30, 2005. On June 28, 2005, Mr. Marshall called to report that the defendant failed to report for his follow-up visit. Subsequently, on June 30, 2005, Officer Kathleen Hopkins was notified by Mr. Marshall that the defendant failed to appear for his psychiatric evaluation on June 30, 2005. The defendant did not call the probation office to change the appointment and did not have-approval to change his treatment program, as required.

**Part C. Sentencing Options**

7. **<u>Maximum Term of Imprisonment</u>:** Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or A misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence.

**In this case, the defendant was on supervision for a Class C Felony. Therefore, he may not be required to serve more than 2 years imprisonment upon revocation.**

**However, since the defendant has already served 12 months imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is 12 months.**

8. Extension of Supervised Release: Pursuant to 18 U.S.C. § 3583(e)(2), if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.

**In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.**

9. Classification of Violations: Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (I) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon a finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision.

**In this case, the defendant has committed a Grade C violation. Therefore, the Court may revoke or modify the conditions of supervision.**

10. Unsatisfied Conditions: Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.

11. Criminal History: Pursuant to § 7B1.4(a), the criminal history category is the category applicable at the time the defendant was originally sentenced.

**In this instance, the defendant had a criminal history category of IV at the time of sentencing.**

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.

**In this case, the defendant committed a Grade C Violation and has a Criminal History Category of IV. Therefore, the applicable range of imprisonment for this violation is 6 to 12 months.**

12. Satisfying the Term of Imprisonment: Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a

sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

**The second provision which allows for alternatives for one-half of the minimum term applies to this matter.**

13. **Supervised Release Following Imprisonment:** Pursuant to 18 U.S.C. § 3583(h), and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

**In this case, the authorized statutory maximum term of supervised release is 3 years.**

**There has been a total of 12 months imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the 12 months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.**

14. Pursuant to § 7B1.5(b), upon revocation of supervised release, no credit shall be given (toward any term of imprisonment ordered) for time previously served on post-release supervision.

**Part D. Personal History Update**

15. This twenty-seven-year-old single male is currently unemployed and is in the process of applying for social security disability benefits. He has enlisted the services of attorney Joseph P. Marasco to assist with his application. To date, he is considered homeless, however, he frequently stays with his reported paramour, Kimberly Dionne, at 100 Glasgow Road, #214, Providence, Rhode Island.

16. On February 7, 2005, the defendant surrendered to a state warrant charging him with violation of a protective order. Reportedly, while in Bureau of Prisons custody, the defendant wrote a letter to Cynthia Sprague in violation of a state restraining order. Mr. Nixon pled Nolo Contendere to the charge and was sentenced to one year, 305 days suspended, and one year probation. Mr. Nixon was released on May 10, 2005.

17. As noted, the defendant was referred to the Providence Center for mental health treatment and case management services and met with counselor Lawrence Miller on June 2, 2005. The probation officer was present. Mr. Miller determined that the defendant was unmotivated for treatment and was using the center as a means to obtain benefits. As such, his request for services was denied. Mr. Nixon was subsequently referred to the Community Counseling Center and completed one intake appointment. Due to his failure to follow-up with his psychiatric evaluation, he is not currently prescribed any medication. The defendant is not currently in substance abuse treatment and denies the need for services. All drug tests taken to date have been negative for illicit substances.

**Part E. Release or Detention Pending Disposition**

18. Rule 32.1(a)(6) indicates that the magistrate judge may release or detain a person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or the community rests with the person.

Respectfully submitted,

Brian Pletcher
Senior U.S. Probation Officer
Date: 7/6/05

Reviewed & Approved:

Kurt E. O'Sullivan
Supervising U.S. Probation Officer
Date: 7/6/05

cc: Andrew Reisch, AUSA
Edward C. Roy, Assistant Federal Defender

DOCUMENTS UNDER SEAL ☐ DOCUMENT NUMBER:

| MAGISTRATE JUDGE MINUTE ORDER | DEPUTY CLERK<br>Lashanda Scott | REPORTER/FTR<br>10:23-10:29; 10:35-10:51 | |
|---|---|---|---|
| MAGISTRATE JUDGE<br>Bernard Zimmerman | DATE<br>March 10, 2006 | NEW CASE ☐ | CASE NUMBER<br>3-06-70131 BZ |

## APPEARANCES

| DEFENDANT | AGE | CUST | P/NP | ATTORNEY FOR DEFENDANT | PD. ☐ RET. ☐ APPT. ☐ |
|---|---|---|---|---|---|
| Joseph Nixon | | Y | P | David Fermino (special) | |

| U.S. ATTORNEY | INTERPRETER | ☐ FIN. AFFT SUBMITTED | ☐ COUNSEL APPT'D |
|---|---|---|---|
| David Hall/Joseph Fazioli | | | |

| PROBATION OFFICER | PRETRIAL SERVICES OFFICER | DEF ELIGIBLE FOR APPT'D COUNSEL ☐ | PARTIAL PAYMENT OF CJA FEES ☐ |
|---|---|---|---|
| | Joshua Libby | | |

## PROCEEDINGS SCHEDULED TO OCCUR - ( IF NOT HELD TYPE NH IN TIME FIELD)

| | | | | |
|---|---|---|---|---|
| ☒ INITIAL APPEAR<br>time 32 min | ☐ PRELIM HRG<br>time | ☐ MOTION<br>time | ☐ JUGM'T & SENTG<br>time | ☐ STATUS<br>time |
| ☐ I.D. COUNSEL<br>time | ☐ ARRAIGNMENT<br>time | ☐ BOND SIGNING<br>time | ☐ IA REV PROB. or S/R<br>time | ☐ BAIL REVIEW<br>time |
| ☐ DETENTION HRG<br>time | ☐ ID/REMOVALHRG<br>time | ☐ CHANGE PLEA<br>time | ☐ PROB. REVOC.<br>time | ☐ SUP REL HRG<br>time |

FILED
MAR 10 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## INITIAL APPEARANCE

| | | | |
|---|---|---|---|
| ☒ ADVISED OF RIGHTS | ☒ ADVISED OF CHARGES | ☐ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |

## ARRAIGNMENT

| | | | |
|---|---|---|---|
| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |

## RELEASE

| | | | | |
|---|---|---|---|---|
| ☐ RELEASED ON O/R | ☐ ISSUED APPEARANCE BOND | AMT OF SECURITY<br>$ | SPECIAL NOTES | ☐ PASSPORT SURRENDERED<br>DATE: |

| | | |
|---|---|---|
| PROPERTY TO BE POSTED<br>☐ CASH $ | CORPORATE SECURITY ☐ | REAL PROPERTY: ☐ |

| | | | | | |
|---|---|---|---|---|---|
| ☒ MOTION FOR DETENTION | ☐ PRETRIAL SERVICES REPORT | ☐ DETAINED | ☐ RELEASED | ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED | ☒ REMANDED TO CUSTODY |

ORDER REMOVED TO THE DISTRICT OF

## PLEA

| | | | |
|---|---|---|---|
| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

## CONTINUANCE

| | | | | |
|---|---|---|---|---|
| TO:<br>3/16/2006 | ☒ I.D. COUNSEL | ☐ BOND SIGNING | ☐ STATUS RE: CONSENT | ☐ STATUS/TRIALSET |
| AT:<br>9:30 a.m. | ☒ SUBMIT FINAN. AFFIDAVIT | ☒ PRELIMINARY HEARING OR | ☐ CHANGE OF PLEA | ☐ BAIL REVIEW |
| BEFORE HON.<br>BZ | ☒ DETENTION HEARING | ARRAIGN-MENT | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY/ REMOVAL | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP.REL. REV. HEARING |

## ADDITIONAL PROCEEDINGS

3/16/2006 - Preliminary Hearing. Defense counsel requested one additional day for hearing due to his unavailability. Defendant admits to being the person charged in the District of Rhode Island. Defendant would like the Rhode Island case transferred to the Northern District of California.

cc: BZ, Pretrial

DOCUMENTS UNDER SEAL [ ] DOCUMENT NUMBER:

| | | | |
|---|---|---|---|
| **MAGISTRATE JUDGE MINUTE ORDER** | DEPUTY CLERK<br>Lashanda Scott | REPORTER/FTR<br>10:22-10:28;10:33-10:38 | |
| MAGISTRATE JUDGE<br>Bernard Zimmerman | DATE<br>March 16, 2006 | NEW CASE [ ] | CASE NUMBER<br>3-06-70131 BZ |

**APPEARANCES**

| | | | | | |
|---|---|---|---|---|---|
| DEFENDANT<br>Joseph Nixon | AGE | CUST<br>Y | P/NP<br>P | ATTORNEY FOR DEFENDANT<br>David Fermino | PD. [ ] RET. [ ]<br>APPT. [ ] |
| U.S. ATTORNEY<br>Joseph Fazioli | INTERPRETER | | | [ ] FIN. AFFT SUBMITTED | [ ] COUNSEL APPT'D |
| PROBATION OFFICER | PRETRIAL SERVICES OFFICER<br>Joshua Libby | | | DEF ELIGIBLE FOR APPT'D COUNSEL [ ] | PARTIAL PAYMENT OF CJA FEES [ ] |

**PROCEEDINGS SCHEDULED TO OCCUR - ( IF NOT HELD TYPE NH IN TIME FIELD)**

| | | | | |
|---|---|---|---|---|
| [ ] INITIAL APPEAR<br>time | [ ] PRELIM HRG<br>time | [ ] MOTION<br>time | [ ] JUGM'T & SENTG<br>time | [ ] STATUS<br>time |
| [x] I.D. COUNSEL<br>time 1 min - not held | [ ] ARRAIGNMENT<br>time | [ ] BOND SIGNING<br>time | [ ] IA REV PROB. or S/R<br>time | [ ] BAIL REVIEW<br>time |
| [x] DETENTION HRG<br>time 11 min | [ ] ID/REMOVALHRG<br>time | [ ] CHANGE PLEA<br>time | [ ] PROB. REVOC.<br>time | [ ] SUP REL HRG<br>time |

FILED
MAR 16 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**INITIAL APPEARANCE**

| | | | |
|---|---|---|---|
| [ ] ADVISED OF RIGHTS | [ ] ADVISED OF CHARGES | [ ] NAME AS CHARGED IS TRUE NAME | [ ] TRUE NAME: |

**ARRAIGNMENT**

| | | | |
|---|---|---|---|
| [ ] ARRAIGNED ON INFORMATION | [ ] ARRAIGNED ON INDICTMENT | [ ] READING WAIVED SUBSTANCE | [ ] WAIVER OF INDICTMENT FILED |

**RELEASE**

| | | | | |
|---|---|---|---|---|
| [ ] RELEASED ON O/R | [ ] ISSUED APPEARANCE BOND | AMT OF SECURITY<br>$ | SPECIAL NOTES | [ ] PASSPORT SURRENDERED<br>DATE: |

| | | |
|---|---|---|
| PROPERTY TO BE POSTED<br>[ ] CASH $ | CORPORATE SECURITY [ ] | REAL PROPERTY: [ ] |

| | | | | | |
|---|---|---|---|---|---|
| [ ] MOTION FOR DETENTION | [x] PRETRIAL SERVICES REPORT | [ ] DETAINED | [ ] RELEASED | [ ] DETENTION HEARING AND FORMAL FINDINGS WAIVED | [x] REMANDED TO CUSTODY |

ORDER REMOVED TO THE DISTRICT OF

**PLEA**

| | | | |
|---|---|---|---|
| [ ] CONSENT ENTERED | [ ] NOT GUILTY | [ ] GUILTY | GUILTY TO COUNTS: [ ] |
| [ ] PRESENTENCE REPORT ORDERED | [ ] CHANGE OF PLEA | [ ] PLEA AGREEMENT FILED | OTHER: |

**CONTINUANCE**

| | | | | |
|---|---|---|---|---|
| TO:<br>03/21/2006 | [ ] I.D. COUNSEL | [ ] BOND SIGNING | [ ] STATUS RE: CONSENT | [ ] STATUS/TRIALSET |
| AT:<br>9:30 a.m. | [ ] SUBMIT FINAN. AFFIDAVIT | [ ] PRELIMINARY HEARING OR ARRAIGN-MENT | [ ] CHANGE OF PLEA | [ ] BAIL REVIEW |
| BEFORE HON.<br>BZ | [x] DETENTION HEARING | | [ ] MOTIONS | [ ] JUDGMENT & SENTENCING |
| [ ] TIME WAIVED | [ ] TIME EXCLUDABLE UNDER 18 § USC 3161 | [ ] IDENTITY/ REMOVAL | [ ] PRETRIAL CONFERENCE | [ ] PROB/SUP.REL. REV. HEARING |

**ADDITIONAL PROCEEDINGS**

The District of Rhode Island will not agree to a Rule 20 transfer. The AUSA in the Northern District will not agree to a Rule 20 transfer. Court makes a finding that counsel may have two additional days for preparation of detention hearing.

cc: BZ, Pretrial

3R

DOCUMENTS UNDER SEAL ☐ DOCUMENT NUMBER:

| | | |
|---|---|---|
| **MAGISTRATE JUDGE MINUTE ORDER** | DEPUTY CLERK Lashanda Scott | REPORTER/FTR 11:00-11:01; 11:08-11:09 |
| MAGISTRATE JUDGE Bernard Zimmerman | DATE March 21, 2006 | NEW CASE ☐ / CASE NUMBER 3-06-70131 BZ |

**APPEARANCES**

| DEFENDANT | AGE | CUST | P/NP | ATTORNEY FOR DEFENDANT | PD. ☐ RET. ☐ APPT. ☐ |
|---|---|---|---|---|---|
| Joseph Nixon | | Y | P | David Fermino | |

| U.S. ATTORNEY | INTERPRETER | ☐ FIN. AFFT SUBMITTED | ☐ COUNSEL APPT'D |
|---|---|---|---|
| Edward Torpoco | | | |

| PROBATION OFFICER | PRETRIAL SERVICES OFFICER | DEF ELIGIBLE FOR APPT'D COUNSEL ☐ | PARTIAL PAYMENT OF CJA FEES ☐ |
|---|---|---|---|
| | Josh Libby | | |

**PROCEEDINGS SCHEDULED TO OCCUR - ( IF NOT HELD TYPE NH IN TIME FIELD)**

| | | | | |
|---|---|---|---|---|
| ☐ INITIAL APPEAR time | ☐ PRELIM HRG time | ☐ MOTION time | ☐ JUGM'T & SENTG time | ☐ STATUS time |
| ☐ I.D. COUNSEL time | ☐ ARRAIGNMENT time | ☐ BOND SIGNING time | ☐ IA REV PROB. or S/R time | ☐ BAIL REVIEW time |
| ☒ DETENTION HRG time 2 min | ☐ ID/REMOVAL HRG time | ☐ CHANGE PLEA time | ☐ PROB. REVOC. time | ☐ SUP REL HRG time |

FILED
MAR 21 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**INITIAL APPEARANCE**

| | | | |
|---|---|---|---|
| ☐ ADVISED OF RIGHTS | ☐ ADVISED OF CHARGES | ☐ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |

**ARRAIGNMENT**

| | | | |
|---|---|---|---|
| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |

**RELEASE**

| | | | | |
|---|---|---|---|---|
| ☐ RELEASED ON O/R | ☐ ISSUED APPEARANCE BOND | AMT OF SECURITY $ | SPECIAL NOTES | ☐ PASSPORT SURRENDERED DATE: |

| | | |
|---|---|---|
| PROPERTY TO BE POSTED ☐ CASH $ | CORPORATE SECURITY ☐ | REAL PROPERTY: ☐ |

| | | | | | |
|---|---|---|---|---|---|
| ☒ MOTION FOR DETENTION | ☐ PRETRIAL SERVICES REPORT | ☒ DETAINED | ☐ RELEASED | ☒ DETENTION HEARING AND FORMAL FINDINGS WAIVED | ☒ REMANDED TO CUSTODY |

ORDER REMOVED TO THE DISTRICT OF Rhode Island

**PLEA**

| | | | |
|---|---|---|---|
| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

**CONTINUANCE**

| | | | | |
|---|---|---|---|---|
| TO: | ☐ I.D. COUNSEL | ☐ BOND SIGNING | ☐ STATUS RE: CONSENT | ☐ STATUS/TRIALSET |
| AT: | ☐ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING OR ARRAIGN-MENT | ☐ CHANGE OF PLEA | ☐ BAIL REVIEW |
| BEFORE HON. | ☐ DETENTION HEARING | | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY/ REMOVAL | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP.REL. REV. HEARING |

**ADDITIONAL PROCEEDINGS**

Defendant waived identity/removal hearing.

cc: BZ, Pretrial

AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT
**Northern District of California**

UNITED STATES OF AMERICA
V.
JOSEPH NIXON

FILED
MAR 2 1 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**COMMITMENT TO ANOTHER DISTRICT**

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| 3-06-70131 BZ | CR-01-113-01T | NORTHERN DISTRICT OF CALIFORNIA | RHODE ISLAND |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☐ Indictment ☐ Information ☐ Complaint ☐ Other (specify)

**charging a violation of** 18 **U.S.C. §** 3583

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Northern District of California.
Date Filed: 3-22-06
RICHARD W. WIEKING, Clerk
By: ________________, Deputy Clerk

**DISTRICT OF OFFENSE**
RHODE ISLAND

***DESCRIPTION OF CHARGES:***

VIOLATION OF CONDITIONS OF SUPERVISED RELEASE

**CURRENT BOND STATUS:**

☐ Bail fixed at and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
X Government moved for detention and defendant detained pending detention hearing in District of Offense
X Other Deft waived identity/removal hearing. Deft admits to being the person charged.
Bond, if any, shall be transferred to the District of Offense

**Representation:** ☐ Retained Own Counsel x Federal Defender Organization ☐ CJA Attorney ☐ None

**Interpreter Required?** X No ☐ Yes Language:

**NORTHERN DISTRICT OF CALIFORNIA**

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

21 March 06 ________________
Date United States Judge or Magistrate Judge

**RETURN**

**This commitment was received and executed as follows:**

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |